IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CR-122-BO-6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LEO CHADWICK, | ) | |
| defendant. | ) | |

On May 30, 2017, defendant Leo Chadwick pleaded guilty to count one, conspiracy to violate the animal welfare act in violation of 18 U.S.C. § 371, 7 U.S.C. §§2156(a)(1) and 2156(b), and 18 U.S.C § 49, and count ten, possessing, training, transporting and delivering an animal for purposes of participating in an animal fighting venture and aiding and abetting, in violation of 7 U.S.C. § 2156(b) and 18 U.S.C §§ 49(a) and 2, of his indictment. His plea was pursuant to a plea agreement with the government. On November 27, 2017, the government moved for an upward departure at sentencing pursuant to U.S.S.G. § 2E3.1. Defendant appeared before the Court sentencing on December 1, 2017, and was notified that the Court contemplated the possibility of an upward departure. Defendant was sentenced to a term of 60 months' imprisonment on each count, concurrent, in the Bureau of Prisons. The Court makes the following findings in support of its upward variance sentence.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court has a duty to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the [sentencing statute]." Once the defendant's Guidelines sentencing range has been established, the sentencing

court must decide "whether a sentence within that range serves the factors set forth in § 3553(a)[1] and, if not, select a sentence within statutory limits that does serve those factors." *United States v. Tucker*, 473 F.3d 556, 560 (4th Cir. 2007) (internal quotation and citation omitted). After permitting the parties to argue with regard to sentencing, the court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court must then "make an individualized assessment based on the facts presented, [and if it] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. The "method of deviation from the Guidelines range—whether by departure or by varying—is irrelevant so long as at least one rationale is justified and reasonable." *United States v. Diosdado-Star*, 630 F.3d 359, 365-66 (4th Cir. 2011).

---

[1] The factors set forth in § 3553(a) are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
    (B) to afford adequate deterrence to criminal conduct
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for –
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct
(7) the need to provide restitution to any victims of the offense.

2

At the sentencing hearing, the Court found that defendant's advisory Guidelines range, as calculated by the Probation Office, was 12-18 months' imprisonment, based on a total offense level of 16 and a criminal history category of I. The maximum sentence applicable on either count is five years' imprisonment. The Court finds the Presentence Investigation Report ("PSR") to be credible and hereby adopts the findings therein.

Having considered the PSR, the arguments of counsel with regard to sentencing, and the factors enumerated in § 3553(a), the Court finds that a variance sentence is appropriate in this case.

First, the Court finds that a departure from the Guidelines is warranted. The sentencing guidelines for animal fighting ventures were recently updated to better account for the cruelty and violence inherent in participating in such activity. U.S.S.G. §2E3.1. But the guidelines do not distinguish between different categories of offenders. Specifically, the guidelines do not differentiate between those offenders who engage in animal fighting once or twice and those who offend repeatedly over a long period of time. Because of this, the guidelines specifically account for the possibility of an upward departure for those offenses involving extraordinary cruelty or on an exceptional scale. This is a case that merits such a departure.

In so finding, this Court has considered the length, breadth and depth of defendant's involvement in dog fighting. According to the ASPCA, a typical offender who violates this statute is someone who attends animal fights occasionally and has one or two dogs or a few roosters, whom he uses for fighting a few times a year. Defendant is not a typical offender. He is deeply embedded in the world of dog fighting. By his own admission, he has been fighting and training dogs for 35 years, and was a partner in the operation of a kennel. He had 33 pit bulls on his property. Many were malnourished and chained with heavy chains, in standing water. The

3

dogs suffered from parasites and bore wounds and heavy scarring consistent with organized dog fighting. 18 of the dogs found on defendant's property had to be euthanized. Defendant not only trained and fought dogs, and was paid to train other dogs, but his property was a meeting location to travel to organized fights. Defendant also had large amounts of dog fighting-related paraphernalia, including records about previous dogs and dog fights, and a ceremonial break stick signed by other dog fighters. He was involved in breeding dogs with each other and managing the bloodlines of fighters, perpetuating this brutality from one generation of dogs to the next. The scale of defendant's involvement, therefore, merits an upward departure.

A variance is also needed for the sentence to comport with § 3553(a). A longer sentence would more appropriately reflect the seriousness of the crimes at issue here. Dog fighting is a cruel enterprise, and the fights are brutal and drawn out: dogs sustain significant injuries and sometimes are put down after the fight. The dogs' suffering is not limited to the actual fight: dogs are trained to be aggressive and antagonistic, are kept under appalling conditions, and receive inadequate care. These offenses are serious and the sentence should match them. Additionally, the length of defendant's involvement in dog fighting indicates the need for stronger deterrence and to protect the public.

Accordingly, a sentence within the Guidelines range would be insufficient to adequately serve the § 3553(a) factors and the purposes of the sentencing statute. After considering defendant's individual circumstances and the facts of this case, the Court holds that a variance sentence of 60 months' imprisonment on each count, concurrent, is appropriate and reasonable in this matter. This Court also imposes a term of three years' supervised release, on the condition that defendant no engage in any activity related in any fashion to dog fighting, or owning, harboring, possessing or caring for any dog without the approval of the Probation Office.

4

SO ORDERED, this __6__ day of December, 2017.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE